IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| Amanda M., | ) |
| | ) |
|    *Plaintiff*, | ) |
| | ) Case No. 3:20-cv-50272 |
| v. | ) |
| | ) Magistrate Judge Lisa A. Jensen |
| Kilolo Kijakazi, | ) |
| Acting Commissioner of Social Security,[1] | ) |
| | ) |
|    *Defendant*. | ) |

**MEMORANDUM OPINION AND ORDER**

  Plaintiff Amanda M. brings this action under 42 U.S.C. § 405(g) seeking reversal or a remand of the decision denying her social security disability insurance benefits.[2] For the reasons set forth below, the Commissioner's decision is reversed, and this case is remanded.

**I. Background**

  In November 2017, Plaintiff filed an application for disability insurance benefits alleging that she had been unable to work since February 1, 2015, because of her fibromyalgia, osteoarthritis, migraines, anxiety, depression, irritable bowel syndrome, chronic pelvic pain, endometriosis, hypertension, and sciatica. R. 160, 182. Plaintiff last worked as an electronic banking specialist but stopped working due to her impairments. R. 198. In February 2014, Plaintiff took a medical leave of absence to recover from a surgery to remove endometriosis. R. 42. When Plaintiff returned, she only worked part time because she struggled with pain. After Plaintiff

---

[1] Kilolo Kijakazi has been substituted for Andrew Marshall Saul. Fed. R. Civ. P. 25(d).
[2] The parties have consented to the jurisdiction of a United States Magistrate Judge for all proceedings pursuant to 28 U.S.C. § 636(c).

1

continued to struggle with managing her pain, she was unable to return to work full time and was eventually let go from her job.

Following a hearing, an administrative law judge ("ALJ") issued a decision in August 2019, finding that Plaintiff was not disabled. R. 13-23. The ALJ found that Plaintiff had the following severe impairments: fibromyalgia, chronic pain syndrome, endometriosis, and obesity. The ALJ determined that through Plaintiff's date last insured, namely March 31, 2017, her impairments did not meet or medically equal a listed impairment. The ALJ concluded that Plaintiff had the residual functional capacity ("RFC") to perform sedentary work with certain restrictions. The ALJ determined that Plaintiff could not perform her past relevant work, but there were other jobs that existed in significant numbers in the national economy that she could perform, including document preparer, telephone information clerk, and charge account clerk. Plaintiff was 35 years old on her date last insured.

Plaintiff appeals the ALJ's decision arguing that the ALJ improperly analyzed the medical opinion evidence in the record and failed to sufficiently address her allegations of pain. Therefore, this Court will focus on the evidence relevant to the ALJ's evaluation of these issues in the discussion below.

## II. Standard of Review

A reviewing court may enter judgment "affirming, modifying, or reversing the decision of the [Commissioner], with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). If supported by substantial evidence, the Commissioner's factual findings are conclusive. *Id.* Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (citations omitted). "An ALJ need not specifically address every piece of evidence, but must provide a 'logical bridge'

between the evidence and his conclusions." *Butler v. Kijakazi*, 4 F.4th 498, 501 (7th Cir. 2021) (citations omitted). The reviewing court may not "reweigh the evidence, resolve debatable evidentiary conflicts, determine credibility, or substitute [its] judgment for the ALJ's determination so long as substantial evidence supports it." *Gedatus v. Saul*, 994 F.3d 893, 900 (7th Cir. 2021).

### III. Discussion

Plaintiff argues that the ALJ improperly analyzed the only two medical opinions in the record that evaluated her limitations, namely the opinions of her treating physician and the testifying medical expert. Plaintiff also argues that the ALJ failed to sufficiently address her allegations of pain. For the reasons discussed below, the Court agrees that remand is required because the ALJ did not properly evaluate these medical opinions and Plaintiff's subjective complaints of pain.

**A. Treating Physician Opinion**

Plaintiff argues that the ALJ failed to give the opinion of her treating physician, Dr. Amanda Bush, appropriate weight by not sufficiently explaining her reasons for discounting the opinion. The Commissioner argues that the ALJ properly discounted Dr. Bush's opinion because it lacked support and was inconsistent with the medical evidence.

Dr. Bush, Plaintiff's gynecologist since 2013, treated Plaintiff for endometriosis and chronic pelvic pain. In February 2014, Plaintiff underwent surgery to remove endometriosis; however, it was later determined that not all her endometriosis was removed at that time, and Plaintiff continued to struggle with pain after her surgery. R. 383, 795. Due to the multiple impairments that Plaintiff suffered from, namely fibromyalgia, chronic pain syndrome, endometriosis, irritable bowel syndrome, anxiety, and depression, both Dr. Bush and Plaintiff

3

acknowledged the difficulty in determining which impairment was causing her pain. R. 45, 383. In November 2016, Plaintiff underwent surgery again to remove endometriosis and for a hysterectomy. R. 504. After initial improvement in her pain following the surgery, Plaintiff again struggled with chronic pelvic pain and underwent a third surgery to remove endometriosis in May 2018. R. 689.

In June 2019, Dr. Bush filled out a residual functional capacity medical source statement. R. 789-90. Dr. Bush stated that Plaintiff's diagnoses included endometriosis, fibromyalgia, chronic pelvic pain, hyperhidrosis, and irritable bowel syndrome. Dr. Bush noted that Plaintiff's endometriosis was confirmed by biopsy in 2014, 2016, and 2018, and that she continued to have endometriosis flares and related symptoms in 2019. Dr. Bush identified Plaintiff as suffering from pelvic, abdominal, and breast pain, chronic recurring nausea, and profuse sweating episodes daily. Dr. Bush opined that Plaintiff would be off task more than 30% of the workday, absent from work five or more days per month, and unable to complete an eight-hour workday five or more days per month. R. 790. Dr. Bush further opined that Plaintiff's symptoms and limitations dated back to 2014.

> The entirety of the ALJ's evaluation of Dr. Bush's opinion is as follows:
>
> The opinion of Amanda Bush, MD, was found less persuasive. Doctor Bush opined the claimant would be off task more than 30 percent of a work day, absent from work five or more days per month, and unable to complete an eight-hour workday five or more days per month. Doctor Bush opined these limitations would be applicable back to 2014. Ex. 13F; Ex. 15F. This opinion was found less persuasive because it was inconsistent with and unsupported by the medical evidence of record discussed in detail above.

R. 21.

Because Plaintiff filed her application for disability insurance benefits after March 2017, section 404.1520c governs her claim and provides that ALJs will evaluate all medical opinions

4

using the following factors: supportability, consistency, relationship with the claimant, specialization, and any other factors which tend to support or contradict the medical opinion. 20 C.F.R. § 404.1520c(c). Under the new regulations, the opinion of Plaintiff's treating physician no longer receives controlling weight. *See* 20 C.F.R. § 404.1520c(a). "Instead, the most important factors are a medical opinion's supportability and consistency with the evidence in the record." *Albert v. Kijakazi*, No. 21-2592, 2022 WL 1561074, at *2 (7th Cir. May 18, 2022) (internal quotations marks and citation omitted); 20 C.F.R. § 404.1520c(a). The ALJ is required to "explain how [she] considered the supportability and consistency factors for a medical source's medical opinions or prior administrative medical findings in your determination or decision." 20 C.F.R. § 404.1520c(b)(2). The ALJ may, but is not required to, explain how she considered the remaining factors in determining the persuasiveness of a medical opinion. *Id.*

Here, the ALJ stated only that Dr. Bush's opinion was "less persuasive because it was inconsistent with and unsupported by the medical evidence of record discussed in detail above." R. 21. Yet, the ALJ does not explain what about Dr. Bush's opinion is not consistent with or supported by the record. The ALJ's reference to "the medical evidence of record discussed in detail above," R. 21, provides no explanation for discounting Dr. Bush's opinion. The medical evidence the ALJ outlines in her opinion is merely a summary of the record with no explanation of how the ALJ used that evidence to discount Dr. Bush's opinion. For example, the medical evidence cited in the two paragraphs preceding the ALJ's evaluation of Dr. Bush's opinion merely reference physical examinations showing Plaintiff's full range of motion without pain. R. 20. However, the same records show Plaintiff's report of "all over body pain" from fibromyalgia, and other disorders associated with fibromyalgia, despite the use of narcotics and other medications. R. 256-57, 457. Without more, this Court is unsure how this evidence supports the ALJ's decision to discount Dr.

5

Bush's opinion. *See Brown v. Berryhill*, 2019 WL 499410, at *4 (N.D. Ind. Feb. 7, 2019) ("The ALJ has not explained how evidence of normal range of motion, gait, motor strength, and results from neurological examinations are inconsistent with significant limitations due to fibromyalgia."). A mere summary is not the same as meaningful analysis. *See Chuk v. Colvin*, No. 14 C 2525, 2015 WL 6687557, at *8 (N.D. Ill. Oct. 30, 2015) ("[S]ummarizing a medical history is not the same thing as analyzing it, in order to build a logical bridge from evidence to conclusion."); *Alevaras v. Colvin*, No. 13 C 8409, 2015 WL 2149480, at *4 (N.D. Ill. May 6, 2015) ("[M]erely summarizing medical evidence is not the same thing as analyzing it and explaining how the evidence supports the conclusion that the claimant is not disabled.").

The Commissioner argues that the ALJ properly rejected Dr. Bush's opinion because she did not attach any relevant treatment notes to support her opinion, her opinion was based in part on Plaintiff's subjective statements, and she relied on Plaintiff's profuse sweating despite the lack of evidence that Plaintiff's hyperhidrosis presented itself prior to the date last insured. Def.'s Resp. at 5-6, Dkt. 27. However, the ALJ did not offer these reasons for rejecting Dr. Bush's opinion. Accordingly, the Commissioner's "attempt to supply a post-hoc rationale" for the ALJ's decision "runs contrary to the *Chenery* doctrine" and are improper. *Lothridge v. Saul*, 984 F.3d 1227, 1234-35 (7th Cir. 2021); *see also Jeske v. Saul*, 955 F.3d 583, 587 (7th Cir. 2020) ("Our review is limited also to the ALJ's rationales; we do not uphold an ALJ's decision by giving it different ground to stand upon.").

The Commissioner further argues that Plaintiff's "ability to cite to contrary evidence is not sufficient to overturn the ALJ's reasoned explanation for finding the opinion less persuasive." Def.'s Resp. at 6, Dkt. 27. In support, the Commissioner argues that the pain flares Plaintiff references in her brief support the ALJ's finding that Plaintiff's pain was well-treated by surgery

6

because the pain flares Plaintiff cites in her brief occurred before her 2016 surgery. This Court disagrees. Although the presence of contrary evidence alone is not sufficient to require a remand, here the ALJ did not provide a "reasoned explanation" where she provided no explanation to support her conclusion. First, the ALJ did not find that Plaintiff's pain was well-treated by surgery. The ALJ stated only that Plaintiff had surgery in 2014 and 2016 to remove endometriosis and cited to a treatment note from November 2016 indicating that although Plaintiff continued to have pain she was improving with Norco and Dilaudid. R. 19. Second, despite Plaintiff's reference to pain flares that occurred before surgery, the record shows that despite Plaintiff's improvement, she continued to struggle with pain flares after surgery. R. 316-17, 421. The ALJ did not address this contrary evidence. "An ALJ cannot simply cherry-pick facts supporting a finding of non-disability while ignoring evidence that points to a disability finding." *Reinaas v. Saul*, 953 F.3d 461, 466 (7th Cir. 2020) (internal quotation marks and citation omitted).

This is especially problematic because Plaintiff had difficulty determining which of her impairments were the cause of her pain and attributed part of her pain to fibromyalgia. R. 44. Fibromyalgia is "marked by subjective and fluctuating symptoms." *Gebauer v. Saul*, 801 F. App'x 404, 409 (7th Cir. 2020) (unpublished); *see* SSR 12-2p, 2012 WL 3104869, at *6 (Jul. 25, 2012) ("We consider the effects of all of the person's medically determinable impairments . . . [and] will consider a longitudinal record whenever possible because the symptoms of FM can wax and wane so that a person may have 'bad days and good days.'"). Dr. Bush was aware of the interrelationship of Plaintiff's impairments relating to her pain and concluded that she would be off task 30% of the workday and absent from work five or more days per month.

In light of the contrary medical evidence that supported Dr. Bush's opinion and Plaintiff's allegations of pain, the ALJ must provide more than a conclusory, one sentence rejection of Dr.

7

Bush's opinion. Although the ALJ's errors in evaluating Dr. Bush's opinion alone are enough to require a remand, the ALJ's insufficient analysis is exacerbated by her decision to give persuasive weight to the testifying medical expert's opinion as addressed below.

## B. Testify Medical Expert Opinion

The ALJ called Dr. Lee A. Fischer, a board-certified family physician, to testify at the administrative hearing. His testimony was short, but Dr. Fischer ultimately opined that despite Plaintiff's impairments, she could perform full-time, light work. The ALJ found Dr. Fischer's opinion persuasive but "[b]ased on the evidence of record," further restricted Plaintiff to sedentary work. R. 20.

As Plaintiff argues, the ALJ's reliance on and evaluation of Dr. Fischer's opinion is problematic for several reasons. Similar to her evaluation of Dr. Bush's opinion, the ALJ again only superficially references the supportability and consistency of Dr. Fischer's opinion when affording it persuasive weight. The ALJ stated only that she found Dr. Fischer's opinion "persuasive because it was generally consistent with and supported by the medical evidence of record." R. 20. The ALJ's mere citation to normal physical examinations, where those same records also reference Plaintiff's continued reports of pain, is not a sufficient explanation to support Dr. Fischer's opinion that Plaintiff can perform full-time work. *See* R. 256-57, 457.

Nevertheless, the Commissioner argues that the ALJ's decision to credit Dr. Fischer's opinion is supported because Dr. Fischer reviewed the entire medical record when he opined that Plaintiff could perform full-time, light work. Although it is undisputed that Dr. Fischer reviewed the entire medical file, *see* R. 34, the ALJ did not cite this as a reason for finding Dr. Fischer's opinion persuasive and is therefore an improper post-hoc rationalization by the Commissioner. *See Lothridge*, 984 F.3d at 1234-35.

8

Even though Dr Fischer reviewed the entire file, the ALJ misstated the record when obtaining Dr. Fischer's opinion. When the ALJ asked Dr. Fischer his opinion about Plaintiff's physical limitations, the ALJ told Dr. Fischer that the state agency physicians found that Plaintiff could perform light work with additional limitations. R. 35. The ALJ then asked Dr. Fischer if he found the limitations "supported by the record or not, would you change that in any way?" R. 35. Dr. Fischer found the limitations supported by the record. The Commissioner admits that the ALJ made a misstatement. Def.'s Resp. at 7, Dkt. 27. The state agency physicians, initially and on reconsideration, did not provide an assessment of Plaintiff's limitations. They found insufficient evidence prior to the date last insured to evaluate Plaintiff's claim. R. 71, 80.

The Commissioner argues that despite any misstatement, Plaintiff has not shown that Dr. Fischer's expert opinion was unreliable. However, without further explanation by the ALJ, it is unclear to the Court why the ALJ found Dr. Fischer's opinion persuasive and why Dr. Fischer's opinion supports a finding that Plaintiff can perform work on a full-time basis. Both the ALJ and Dr. Fischer reviewed the same evidence in the record, yet Dr. Fischer concluded that Plaintiff could perform light work and the ALJ concluded that Plaintiff was limited to sedentary work. The ALJ provides no further explanation for this determination.

The only evidence Dr. Fischer did not have was Plaintiff's testimony because Dr. Fischer provided his opinion at the hearing before Plaintiff testified. Yet, the ALJ does not explain how Plaintiff's testimony or her subjective symptoms weighed into her decision to credit Dr. Fischer's opinion, despite evidence throughout the record of Plaintiff's consistent reports of pain. The ALJ provided almost no subjective symptom analysis. *See* 20 C.F.R. § 404.1529; Social Security Ruling 16-3p, 2017 WL 5180304.

At the hearing, Plaintiff testified that she was unable to work because, despite multiple surgeries and numerous medications and injections, she continued to suffer from severe pain in her back, neck, and stomach, which occurred daily or weekly. R. 44-45. In the ALJ's summary of the evidence, she outlines Plaintiff's testimony about her severe pain from endometriosis, fibromyalgia, and chronic pain syndrome. R. 18. The ALJ acknowledged Plaintiff's testimony that she would vomit due to her pain and was unable to work because she would have to frequently leave her desk and could spend 20 to 30 minutes at a time in the restroom. R. 18. The ALJ also stated that on a good day, Plaintiff was able to babysit her nephew; however, on a bad day she would have to stay in bed. R. 18. Although the ALJ provided an accurate summary of Plaintiff's testimony, she did not analyze it or indicate what allegations she credited or discredited. The ALJ merely cites boilerplate language that Plaintiff's "statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision." R. 18.

At the end of her RFC determination, the ALJ stated as follows:

> In sum, the above residual functional capacity assessment is supported by the evidence of record. The findings made during the course of the claimant's treatment, the claimant's own statements about her daily activities, and the conservative nature of her treatment do not support a more restrictive finding. For example, she had only mild reduction in her range of motion, had normal strength and tone, and with regular access to treatment, her impairments were found to be consistently stabilizing. Additionally, she has been able to maintain personal care and could care for her nephew several days a week. While the claimant was certainly limited to some degree, the record does not support that she was limited to the extent alleged.

R. 21. However, this statement leaves the Court with more questions than answers. As stated above, the ALJ never explained how normal physical examinations undermined Plaintiff's subjective allegations of pain and supported her ability to maintain full-time employment. Additionally, the only daily activities Plaintiff identified was taking her dog outside in the morning

10

and watching her nephew at most 3 to five hours a week, noting that she could not watch him two days in a row because she needed to recover from the physical exertion. R. 39-40. However, even these activities were only on Plaintiff's "good days."

As to the conservative nature of Plaintiff's treatment, it is unclear what part of Plaintiff's treatment the ALJ is referring to and how such treatment discounted Plaintiff's allegations of pain. A subjective symptoms analysis is pivotal where Plaintiff's records showed normal physical findings despite her continued complaints of pain. *See Pierce v. Colvin*, 739 F.3d 1046, 1050 (7th Cir. 2014) ("Pain can be severe to the point of being disabling even though no physical cause can be identified, though in such cases, the claimant's credibility becomes pivotal."). Here, although the ALJ obviously discounted Plaintiff's allegations of disabling pain by finding her able to perform full-time work, the ALJ provided no explanation for discounting Plaintiff's subjective symptoms despite finding that she suffered from fibromyalgia, chronic pain syndrome, and endometriosis.

The ALJ's evaluation of Dr. Fischer's opinion, along with her subjective complaints of pain, are important to substantiate the ALJ's determination that Plaintiff could work full-time because Dr. Fischer and Dr. Bush were the only opinions in the record addressing Plaintiff's limitations. The ALJ discounted Dr. Bush's opinion, which left only Dr. Fischer's to opine on the limiting effects of Plaintiff's impairments.

Although the ALJ found Plaintiff's depression and anxiety to be non-severe impairments, R. 16, the ALJ appears to have discounted Plaintiff's allegations in part because of Plaintiff's failure to seek mental health counseling to help with her pain. R. 55. The ALJ questioned Plaintiff about this at length at the hearing. Yet, the ALJ accepted Dr. Fischer's opinion, despite his explicit testimony that:

11

> [I]t's very hard to separate out when she's complaining of this chronic pain, how much is really a physical condition, versus how much is psychological overlay. But from a purely physical point of view, even with these problems, I believe she could sustain work. Again, throw in her complaints and the psychological and then it becomes difficult to say.

R. 37.

This psychological overlay appears to be consistent with Dr. Bush's findings that the source of Plaintiff's pain was difficult to determine and overlapping. *See, e.g.*, R. 515 (Dr. Bush noting that anxiety can "intensify [Plaintiff's] perception of pain"). However, without Dr. Fischer's opinion on the issue, the ALJ failed to explain how she assessed this evidence. Even though the ALJ found Plaintiff's mental impairments to be non-severe, the ALJ was required to consider all the evidence affecting Plaintiff's limitations. Without further explanation, this Court is not clear how the ALJ found that Plaintiff could sustain full-time work despite Dr. Bush's opinion and numerous records evidencing her continuous complaints of pain.

Because the ALJ failed to sufficiently explain the basis for adopting Dr. Fischer's opinion and rejecting Dr. Bush's, the Court finds that a remand is warranted. On remand, the Court strongly encourages the ALJ to call an impartial medical expert who can opine about both Plaintiff's physical and mental limitations. Because this case will be remanded, the Court finds it unnecessary to address each of Plaintiff's specific arguments relating to the evidence in the record. However, Plaintiff should raise any of her concerns with the ALJ on remand, both in a pre-hearing brief and at the administrative hearing. Failure to explicitly raise these issues may result in a waiver if this case is again appealed to this Court.

In remanding this case, the Court is not indicating that the issues raised in this appeal must be resolved in a particular way, but rather that they should be explored more thoroughly. All these

issues should be considered in a comprehensive analysis on remand with more explicit analysis by the ALJ.

## IV. Conclusion

For the foregoing reasons, Plaintiff's motion for summary judgment is granted, and the Commissioner's motion is denied. The decision of the Commissioner is reversed, and the case is remanded for further proceeding consistent with this opinion. This Court declines to order a finding of disability based on the record before it. It is more appropriate to remand to the ALJ to properly evaluate the evidence as outlined above and issue a new decision.

Date: June 1, 2022      By: *Lisa A. J*
                                           Lisa A. Jensen
                                           United States Magistrate Judge